

IN THE
TENTH COURT OF APPEALS

No. 10-10-00008-CR

VANESSA LATRICE MORRIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2004-1252-C2

MEMORANDUM OPINION

Vanessa Latrice Morris pleaded guilty, pursuant to a plea agreement, to possession of a controlled substance, cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2010). The trial court convicted Morris and assessed her punishment at 18 months in a state jail facility and a $750 fine. The trial court suspended imposition of the sentence and placed Morris on community supervision for 3 years. The State subsequently filed a motion to revoke Morris's community supervision. Morris pleaded true to nine of the eleven allegations in the State's motion to revoke. The trial

court revoked Morris's community supervision and sentenced her to 18 months confinement. We affirm.

Morris's appellate attorney filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). Counsel informed Morris of her right to submit a brief on her own behalf. Morris did not file a brief, and the State did not file a response.

Counsel's brief suggests as potential issues (1) abuse of discretion, (2) length of sentence, and (3) voluntariness of the plea. Counsel reviews the potential issues and concludes that the appeal is frivolous. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders v. California*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders v. California*, 386 U.S. at 744; accord *Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford v. State*, 813 S.W.2d at 511.

After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Morris wish to seek further review of this case by the Texas Court of Criminal Appeals, Morris must either retain an attorney to file a petition for discretionary review or Morris must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's request that he be allowed to withdraw from representation of Morris is granted. Additionally, counsel must send Morris a copy of our decision, notify Morris of her right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Judge Scoggins[1]
Affirmed
Opinion delivered and filed November 24, 2010
Do not publish
[CR25]

---

[1] The Honorable Al Scoggins, Judge of the 378th District Court of Ellis County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).